IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01648-GPG

WORLDWIDE ENERGY AND MANUFACTURING USA,

    Plaintiff,

v.

HWALIN CHENG,

    Defendant.

---

ORDER FOR SUMMARY REMAND

---

Defendant, Hwalin Cheng, has filed *pro se* a letter (ECF No. 1) stating he is removing to this Court a state court action, civil action number 2015CV31099, filed in the District Court of Denver County, Colorado. Attached to the letter is a Supplemental Civil Cover Sheet for Notices of Removal and a copy of an Amended Order Denying Default Judgment entered in the state court action on July 20, 2015. (*See* ECF No. 1 at 2-3.)

The Court must construe the letter liberally because Mr. Cheng is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court construes the letter liberally as a notice of removal.

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such

defendant or defendants in such action." 28 U.S.C. § 1446(a).  In general, there is a presumption against removal jurisdiction.  *See Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).  "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally."  *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court."  *Baby C*, 138 F. App'x at 83.

The notice of removal is deficient because Mr. Cheng fails to provide a short and plain statement of the grounds for removal and he fails to demonstrate that this action properly may be removed to federal court.  Therefore, because he fails to overcome the presumption against removal jurisdiction, the instant action will be remanded summarily to the state court.  *See* 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that this action is remanded summarily to the District Court of Denver County, Colorado.  It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the District Court of Denver County, Colorado.

DATED at Denver, Colorado, this  5th  day of    August    , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court